**FIRST ACCESS OF NORTHERN ILLINOIS, INC., Plaintiff,**

v.

**TKX LEASING, INC., Defendant.**

### No. 93 C 396.

United States District Court,
N.D. Illinois,
E.D.

Feb. 11, 1993.

David E. Zajicek, Michael J. Sreenan, Stacey L. Prange, Keck, Mahin & Cate, Chicago, IL, for plaintiff.

## MEMORANDUM OPINION
## AND ORDER

LINDBERG, District Judge.

Plaintiff, First Access of Northern Illinois, Inc., has filed a complaint alleging state law claims for breach of contract and account stated against defendant, TKX Leasing, Inc. Plaintiff purports to allege this court's subject matter jurisdiction on the basis of diversity of citizenship. 28 USC § 1332.

The relevant statute provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

(1) citizens of different States[.]

28 USC § 1332(a)(1). The parties are both corporations. The statute provides:

(c) For the purposes of this section . . .—

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . .

28 USC § 1332(c)(1).

Apparently recognizing the requirements of the diversity statute, plaintiff alleges defendant's citizenship as follows:

2. TKX Leasing, Inc., also known as Alvarez Cold Storage ("TKX") is an Illinois corporation with its principal place of business in Chicago, Illinois.

Curiously, plaintiff does not adequately allege its own citizenship, as it alleges:

1. Plaintiff First Access of Northern Illinois, Inc., formerly known as Clarklift of Chicago South, Inc. ("First Access"),

**864**

is a Delaware corporation authorized to do business in Illinois.

Missing, of course, is an allegation of plaintiff's principal place of business.

This curiosity may be because plaintiff's principal place of business is in Illinois, and so the parties are not of diverse citizenship. That certainly appears to be the case, as Exhibit C to the complaint is a copy of a letter on plaintiff's letterhead dated November 4, 1992, showing plaintiff's home office in Bedford Park, Illinois, and plaintiff's branch office in South Holland, Illinois.

Plaintiff's complaint will therefore be dismissed by the court, *sua sponte*, for failure to adequately allege this court's subject matter jurisdiction. Plaintiff will be granted leave to file an amended complaint on what appears to be the unlikely chance that this court's subject matter jurisdiction can be adequately alleged.

If plaintiff does not file an amended complaint, or if plaintiff files an amended complaint alleging this court's jurisdiction on some ground other than diversity of citizenship, counsel for plaintiff will be required to file an affidavit showing cause why Rule 11 sanctions should not be imposed on the ground that the attempted allegation of this court's subject matter jurisdiction was not "to the best of the signer's knowledge, information, and belief ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." FRCP 11.

ORDERED: The complaint filed by plaintiff, First Access of Northern Illinois, Inc., is dismissed *sua sponte*, for failure to adequately allege this court's subject matter jurisdiction. Plaintiff is granted leave to file an amended complaint on or before February 22, 1993.

If plaintiff does not file an amended complaint, or if plaintiff files an amended complaint that alleges this court's jurisdiction on some ground other than diversity of citizenship, counsel for plaintiff shall file, on or before February 22, 1993, an affidavit showing cause why Rule 11 sanctions should not be imposed on the ground that the attempted allegation of this court's

subject matter jurisdiction was not "to the best of the signer's knowledge, information, and belief ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." FRCP 11.